**Roger JOHNSON, in his official capacity as Indiana State Fire Marshall, Appellant–Defendant,**

**v.**

**PATRIOTIC FIREWORKS, INC., et al., Appellees–Plaintiffs.**

**No. 49A02–0608–CV–632.**

Court of Appeals of Indiana.

Aug. 14, 2007.

Steve Carter, Attorney General of Indiana, David Steiner Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Douglas K. Mawhorr, John H. Brooke, Brooke & Mawhorr, PC, Muncie, IN, Attorneys for Appellees.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Indiana State Fire Marshal Roger Johnson[1] ("the Fire Marshal"), in his official capacity, and the State of Indiana, (collectively "the State,") bring this interlocutory appeal from the trial court's denial of the Fire Marshal's motion to dismiss the consolidated complaints of Patriotic Fireworks, Inc. ("Patriotic") and other fire-

---

1. At the commencement of this action, Tracy Boatwright was the State Fire Marshal. Roger Johnson has since been appointed to the office and accordingly, his name has been substituted for Boatwright's.

works wholesalers, in which they challenge the Fire Marshal's requirement that fireworks wholesalers with multiple sales locations obtain separate certificates of compliance for each location that they operate.

We reverse and remand.

## ISSUE

Whether the trial court erred in failing to dismiss Patriotic's complaint for lack of subject matter jurisdiction.

## FACTS

Under Indiana law, fireworks are designated as either legal or restricted. The former are legal for sale by statute and may be sold at retail to the public; however, the latter may only be sold by wholesalers to retailers or to other wholesalers, and must be shipped out of Indiana within five days of the date of sale. Indiana Code §§ 22–11–14–8,–10. The Fire Marshal is responsible for enforcing Indiana's fire-works statutes and regulations and issuing wholesale certificates of compliance and retail sales permits. Indiana Code § 22–11–14–5, –7, –9. Wholesalers of restricted fireworks must pay a $1,000.00 annual fee to operate in Indiana. Indiana Code § 22–11–14–5. The Fire Marshal has consistently interpreted this provision to mean that wholesalers must pay the $1,000.00 fee for each wholesale location that they operate in Indiana.[2]

Since 1985, Patriotic has established multiple locations for the sale of its fireworks and has complied with the Fire Marshal's requirement that it obtain separate certificates of compliance for each of its locations at a cost of $1,000.00 per certificate. However, on July 3, 1997, without first pursuing administrative review, Patriotic filed a complaint in Marion Superior Court challenging the Fire Marshal's interpretation of Indiana Code section 22–11–14–5. Nine similar cases were

---

2. When Patriotic filed its complaint in the trial court, the statute setting out the certificate of compliance requirements provided, in pertinent part:

(b) The state fire marshal shall stop the shipments and sale of fireworks, novelties, and trick noisemakers unless, prior to shipment into this state for sale, the manufacturer, wholesaler, importer, or distributor of the fireworks, novelties, and trick noisemakers submits to the state fire marshal:
(1) a complete description of each item proposed to be shipped into Indiana;
(2) a written certification that the items are manufactured in accordance with section 1 of this chapter; and
(3) an annual registration fee of one thousand dollars ($1,000). The registration fee shall be collected by the state fire marshal and deposited in the fire and building services fund as set forth in I.C. § 22–12–6–1(c).
I.C. § 22–11–14–5. Subsequent to the time when Patriotic filed its complaint, the State Legislature has "added to the Indiana Code a new section" which provides, in pertinent part:

(a) A retailer may not sell consumer fireworks until the retailer has:
(1) filed the application required under section 4.5(e) of this chapter with the state fire marshal for each location from which the retailer proposes to sell the consumer fireworks, which must be filed on an annual basis; and
(2) paid an accompanying registration fee of:
(A) one thousand dollars ($1,000) for the first location if a fee under section 5(b)(3) of this chapter has not been paid;
(B) five hundred dollars ($500) for each additional sales location in a tent; and
(C) two hundred dollars ($200) for each additional sales location in a structure; from which the retailer proposes to sell the consumer fireworks.
P.L. 187–2006 § 11 (effective May 1, 2006), now at I.C. § 22–11–14–11. Thus, the statutes now contain the specific payment scheme and certificate of compliance requirements for retailers with multiple sales locations.

consolidated[3] with Patriotic's, and the final consolidation order was granted on June 6, 2000.

On November 21, 2005, the State filed a motion to dismiss the consolidated cases, along with a memorandum of law wherein it argued that the trial court lacked subject matter jurisdiction to hear the lawsuit because Patriotic had failed to exhaust administrative remedies before filing its complaint in the trial court. Patriotic responded on April 7, 2006, and submitted a memorandum of law wherein it argued that the State's motion should be denied because no such opportunity for administrative review existed. The trial court heard argument on that same day. On April 10, 2006, the trial court denied the State's motion. Thereafter, the trial court denied the State's motion for reconsideration and granted its motion to certify an interlocutory order for immediate appeal. We accepted jurisdiction of this interlocutory appeal on September 6, 2006.

## DECISION

■ The State argues that the trial court improperly denied its motion to dismiss for lack of subject matter jurisdiction. Our standard for reviewing a trial court's ruling on a motion to dismiss for lack of subject matter jurisdiction is dependent upon whether the trial court resolved disputed facts, and if so, whether it conducted an evidentiary hearing or ruled on a paper record. *Prolink, Inc. v. Ade Group, Inc.*, 858 N.E.2d 257, 257 (Ind.Ct.App.2006). If the facts before the trial court are not disputed, the question of subject matter jurisdiction is purely one of law and our review is *de novo. Id.* Likewise, if the facts are disputed but the trial court rules

on a paper record, the standard of review on a motion to dismiss for lack of subject matter jurisdiction is again *de novo. Id.*

■ Here, no evidence was presented, nor did any witnesses testify. The trial court ruled entirely upon a paper record; thus, our review of the denial of the State's motion to dismiss is *de novo.* Accordingly, we owe no deference to the trial court's factual findings and conclusions because we are "in as good a position as the trial court to determine whether the court has subject matter jurisdiction." *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001).

■ Subject matter jurisdiction refers to a court's power to hear and decide a certain class of cases. *Rhines v. Norlarco Credit Union*, 847 N.E.2d 233, 236 (Ind.Ct. App.2006). Subject matter jurisdiction concerns whether the claim involved falls within the general scope of authority conferred on the court by the Indiana Constitution or by statute. *Id.* at 237. When courts lack subject matter jurisdiction, their actions are void *ab initio* and may be attacked at any time. *Id.* A claimant who has an available administrative remedy must pursue it before being granted access to the courts. *Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d 979, 984 (Ind. 2005). Failure to exhaust administrative remedies deprives trial courts of subject matter jurisdiction. *Id.*

■ Here, the State relies heavily upon *Johnson* in support of its contention that the trial court lacked subject matter jurisdiction. In *Johnson*, our Supreme Court noted the Fire Marshal's discretionary authority to grant or deny certificates of compliance, stating,

---

**3.** In addition to Patriotic, the other plaintiffs were Vicari Enterprises; Dixie Fireworks; Jubilee Fireworks; Mr. Fireworks, Inc.; Anderson Fireworks, Inc.; Mike Healy; West Edge Novelties; Uncle Sam's Enterprises, Inc.; and North Central Industries, Inc. For our purposes, the foregoing will be referenced as "Patriotic."

Applicants wishing to challenge a decision of the Fire Marshal either granting or denying a permit or certificate have been afforded an administrative remedy to do so. Petitioners may seek review of a decision of the Fire Marshal granting or denying a permit or certificate through an administrative proceeding conducted by the Fire Prevention and Building Safety Commission ("Commission"). Administrative proceedings conducted by the Commission are subject to the provisions of the Administrative Orders and Procedures Act ("AOPA"). *See* Ind.Code §§ 22–12–7–1 to –2 (2004) (instructing that the AOPA applies to the Commission, its employees, and all employees and agents with the authority to administer or enforce a law).

*Id.* at 982. Thus, the State argues that Patriotic had an available administrative remedy through the Fire Prevention and Building Safety Commission and by its failure to pursue said remedy, Patriotic has deprived the trial court of subject matter jurisdiction.

Patriotic counters that it "had no other recourse but to seek judicial review" because the Fire Marshal's interpretation of Indiana Code section 22–11–14–5 was not capable of review under AOPA. Patriotic's Br. 6. Patriotic does not dispute the Fire Marshal's authority to grant or deny certificates of compliance. Rather, it objects to the Fire Marshal's so-called "Unwritten Policy," which requires fireworks wholesalers with multiple sales locations to obtain separate certificates of compliance for each location. Patriotic argues that this interpretation of the statute is "not supported or substantiated by either statute or regulation" and further, is not reviewable under AOPA because it is not a rule, agency action, or an order. Patriotic's Br. 2. We must disagree, based upon our Supreme Court's holding in *Johnson*.

The facts in *Johnson* are much akin to the instant facts. In *Johnson*, Celebration Fireworks filed a complaint in the trial court challenging the Fire Marshal's interpretation of Indiana Code section 22–11–14–5 without first seeking administrative review. Celebration argued that the statute only required fireworks wholesalers to obtain one certificate of compliance, regardless of whether they operated multiple wholesale locations. Thus, Celebration sought only one certificate of compliance from the Fire Marshal for its ninety-six locations. The trial court enjoined the Fire Marshal from seizing Celebration's stock based upon Celebration's failure to procure multiple certificates. The State appealed to a panel of this court and challenged the injunction. We reversed the trial court and remanded the case for resolution. On remand, the trial court granted the State's motion for summary judgment as to two counts, and entered judgment for Celebration on the remaining two counts.

The State again appealed to this court, now arguing that the trial court did not have subject matter jurisdiction over the case because Celebration had failed to first exhaust administrative remedies. We questioned the availability of an administrative remedy and determined that Celebration's efforts to pursue administrative review would have been futile given the Fire Marshal's prior refusals to voluntarily change his interpretation of the statute. We affirmed the trial court's judgment. Thereafter, our Supreme Court granted transfer and reversed our judgment.

In so doing, the Supreme Court emphasized the importance of pursuing administrative remedies before resorting to judicial review. Citing policy justifications and matters of judicial economy, the Court averred, "It is well established that, if an administrative remedy is available, it must be pursued before a claimant is allowed

access to the courts." *Id.* at 982 (quoting *Town Council of New Harmony v. Parker,* 726 N.E.2d 1217, 1224 (Ind.2000)). The Court further stated,

> The exhaustion doctrine is intended to defer judicial review until controversies have been channeled through the complete administrative process. The exhaustion requirement serves to avoid collateral, dilatory action ... and to ensure the efficient, uninterrupted progression of administrative proceedings and the effective application of judicial review. It provides an agency with an opportunity 'to correct its own errors, to afford the parties and the courts the benefit of [the agency's] experience and expertise, and to compile a [factual] record which is adequate for judicial review.'

*Id.* at 982 (quoting *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). The Court added, "[E]ven where 'the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues.'" *Id.* (citing *Ind. Dept. of Environmental. Mgmt. v. Twin Eagle LLC,* 798 N.E.2d 839, 844 (Ind.2003)).

In regards to whether wholesalers were required to obtain separate certificates of compliance for each of their locations, the Supreme Court expressly found that this question was a question of fact "properly resolved through the administrative process." *Id.* at 983. The Supreme Court also rejected our finding that exhaustion of administrative remedies was unnecessary given the futility of the available administrative review. The rule requiring exhaustion of administrative remedies "is not without exceptions"; however, such exceptions occur when the administrative process is incapable of answering the question presented by a claim. *Padgett v. Buss,* 857 N.E.2d 27, 28 (Ind.Ct. App.2006).

> A party is excepted from the exhaustion requirement when the remedy is inadequate or would be futile, or when some equitable consideration precludes application of the rule. To prevail upon a claim of futility, 'one must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances.' Furthermore, the requirement of exhaustion of administrative remedies 'will be relaxed where there is grave doubt as to the availability of the administrative remedy.'

*Higgason v. Lemmon,* 818 N.E.2d 500, 503–04 (Ind.Ct.App.2004) (quoting *Smith v. State Lottery Comm'n of Ind.,* 701 N.E.2d 926, 931 (Ind.Ct.App.1998), *trans. denied* ) (internal citations omitted).

Celebration also advanced the " 'impossibility' prong of the futility test" and argued that there was "no formal mechanism in place for the review of the Fire Marshal's policies of general applicability." *Johnson,* 829 N.E.2d at 984. The Supreme Court disagreed and warned that "the 'exhaustion requirement is much more than a procedural hoop' that can be lightly dispensed with on grounds of futility." *Id.* Noting the value that can be derived from unsuccessful attempts at administrative review, the Court stated,

> [T]he mere fact that an administrative agency might refuse to provide the relief requested does not amount to futility. And even if Celebration is unsuccessful in an administrative challenge, resort to the Commission may produce a reasoned

explanation of the considerations going into the Fire Marshal's position.

*Id.* (internal citations omitted). Ultimately the Court, unmoved by Celebration's arguments, reversed the trial court's judgment and remanded the matter to the trial court with instructions that Celebration's complaint should be dismissed for lack of subject matter jurisdiction.

Here, Patriotic vehemently argues that *Johnson* is inapposite. We disagree. Like Celebration in the *Johnson* case, Patriotic alleges that there is no available "mechanism for review or to contest the Fire Marshal's Unwritten Policy." Patriotic's Br. 4. We see no distinction between this argument and Celebration's assertion that "there is no formal mechanism in place for the review of the Fire Marshal's policies of general applicability." *Johnson,* 829 N.E.2d at 984.

Our Supreme Court has categorically held that the question of whether Indiana Code section 22–11–14–5 requires fireworks wholesalers to obtain separate certificates of compliance for each of their locations is a question of fact that can be resolved through the administrative process. Patriotic was required to pursue administrative review before being granted access to the trial court for judicial review. Because Patriotic did not so act, the trial court lacked subject matter jurisdiction to hear Patriotic's claim. Accordingly, we reverse and remand with instructions that Patriotic's complaint be dismissed.

Reversed and remanded.

KIRSCH, J., and MATHIAS, J., concur.