Gregory L. KENNEDY, Appellant–Defendant,

v.

TOWN OF GASTON, Appellee–Plaintiff.

No. 18A05–0906–CV–353.

Court of Appeals of Indiana.

March 22, 2010.

---

James A. Smith, Carmel, IN, Attorney for Appellant.

Ralph E. Dowling, The Dowling Law Office, Muncie, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Gregory L. Kennedy (Kennedy), appeals the trial court's Order on Rule to Show Cause, Motion to Dismiss, and Motion for Sanctions in favor of Appellee–Plaintiff, The Town of Gaston (the Town).

We affirm.

### ISSUES

Kennedy raises two issues on appeal, which we restate as follows:

(1) Whether the trial court had subject matter jurisdiction over the dispute because the Town initiated this action before exhausting its remedies under the applicable Town's ordinances and provisions of the Unsafe Building Act; and

(2) Whether the trial court abused its discretion when it found Kennedy in contempt of court for failing to demolish buildings on property Kennedy claimed he no longer owned.

### FACTS AND PROCEDURAL HISTORY

On August 1, 2008, the Town filed a Complaint for Injunctive Relief and Request for Attorney Fees against Kennedy. In the Complaint, the Town alleged that Kennedy had ownership and control of a property located at 104 South Sycamore Street in Gaston, Indiana, which was in violation of the Town's weed ordinance, constituted a public nuisance, and was in violation of the Unsafe Building Act, enacted at Ind.Code § 36–7–9, et seq. Ten days later, on August 11, 2008, Kennedy conveyed all interest in the property by quitclaim deed to David LePoris (LePoris).

On August 15, 2008, the trial court conducted a hearing on the Town's Complaint. During the hearing, Kennedy testified that he had entered into an Agreement of Terms with LePoris on August 17, 1994, to purchase the property on contract. He admitted that after the Town filed the lawsuit, he transferred the ownership to LePoris by quitclaim deed. Reviewing the contract, the trial court found that "by [its] own terms [it] is a pre-Agreement arrangement and it is an Agreement to Agree. An Agreement to Agree is not a Contract and I don't notice any evidence of it ever being filed or recorded. But it's certainly not a Contract. It is an Agreement to Agree." (Transcript p. 18). The trial court summarized

Now, Mr. Kennedy, I'm not going to mince words. You have the ownership of this property throughout and it's had to over the years, come here not that this property is in violation of the zoning ordinances of [the Town], if not the County, and what are going to do about it? You know you can either take steps yourself or you can have the [c]ourt order it be done but as far as I'm concerned, you had ample Notice whether it went through Mr. LePoris or not, and we're not going to play games. So what do you intend to do about it?

\* \* \*

Well, at this particular time Sir, the evidence before the [c]ourt indicates that this: For one (1) You never really had a Contract to sell the property and two (2) that this property just happened to be Quit Claimed after the suit was filed. Just happened to be, and that's standard operating procedure for people who want to avoid the ordinances. They love to play games and the [c]ourts don't let them play games. Now what we will do on this particular matter. Let's recess for about 30 minutes and I do want to talk to counsel.

(Tr. pp. 18–19).

During the recess, counsel for the respective parties signed a handwritten min-

ute entry stating "Evidence heard + concluded, [Kennedy], agrees to remove + demolish buildings from property w/in 30 days." (Appellant's App. p. 92). The entry was prepared and signed by the Town's counsel and signed by Kennedy's counsel. The trial court's Order of August 28, 2008 reflects the minute entry by concluding "[Kennedy] shall have 30 days from August 15, 2008 within which to remove and demolish said buildings and debris located at 104 S. Sycamore Street, Gaston, Indiana[.]" (Appellant's App p. 93). Kennedy's counsel later withdrew her representation.

On September 17, 2008, Kennedy's new counsel filed a Verified Motion to Correct Error claiming that (1) an administrative hearing should have preceded the commencement of any civil action under the Unsafe Building Law and (2) while Kennedy's first counsel signed an Entry indicating that Kennedy had agreed to remove and demolish buildings from the property, at no time did Kennedy indicate to anyone he would agree to this. On October 7, 2008, the trial court held a hearing on the motion and reiterated that during the previous hearing the court had "found that an Agreement to Agree was nothing. It's not a Contract, the title remained in [Kennedy's] name." (Tr. p. 21). On several occasions during the hearing, Kennedy's new counsel attempted to present new evidence on the ownership issue of the property, but each time, he got rebuked by the trial court which stated—most forcefully—that

> What we have is something that is not new to the [c]ourt. In Zoning Law, we have a shell game. No, it's me. No, it's me. No, find somebody else. Well, Mr. Kennedy is the title owner of the property and that brings him into [c]ourt and the [c]ourt is satisfied that he was at that particular time, when the suit was initiated and deemed him to be so, at the time of the hearing. Evidence was sub-

mitted, the document, the chronological case summary is very clear. It shows evidence heard and concluded. [Kennedy] agrees to remove and demolish buildings from the property within thirty days.... That is the Order of the [c]ourt.

\* \* \*

[I]f you listen to the record, you will find that the [c]ourt indicated that [ ] any interest [LePoris] had with a continuous nature, in other words, I think there was an Agreement of a Contract, or an Agreement to Agree. An Agreement to Agree is not a Contract and the [c]ourt, [Kennedy], has no Contract with LePoris.

(Tr. pp. 27, 29). At the conclusion of the evidence, the trial court denied Kennedy's motion.

On January 22, 2009, the Town filed a Contempt Citation, asserting Kennedy was in contempt for failing to remove and demolish the buildings. The trial court conducted a hearing on March 6, 2009. During this hearing, Kennedy admitted he only contacted the utility companies in late January, early February to receive information on removal of utilities and he stated that he did not pursue any legal remedies to restore the property's title back to him or to quiet title in the property. While the Contempt Citation was under advisement, Kennedy retained his third attorney who filed a motion to dismiss on March 16, 2009. In his motion, Kennedy challenged the trial court's subject matter jurisdiction as the Town had failed to exhaust any administrative remedies pursuant to the Town's Ordinance 93 and I.C. § 36–7–9–1. In addition, Kennedy asserted that the Town failed to join LePoris as a party and a case regarding the very property at issue was pending between the Town and LePoris.

On March 29, 2009, the trial court issued its Order on Rule to Show Cause, Motion to Dismiss, and Motion for Sanctions, finding Kennedy in contempt of the trial court's August 15, 2008 Order to remove and demolish the property. In its Order, the trial court determined, in pertinent part

15. From the [c]ourt's review and comparison of the Motion to Correct Error to the Motion to Dismiss, it would appear that subject matter jurisdiction was already challenged in the Motion to Correct Error. The Motion to Correct Error clearly alleges that [the Town] failed to follow and/or exhaust the administrative procedures found in [the Town's] Ordinance 93 and I.C. § 36–7–9–4.

16. The [c]ourt denied the Motion to Correct Error in October of 2008. [Kennedy] did not appeal.

17. And although it is the long standing rule of law that subject matter jurisdiction can be challenged at any point in the proceedings, [Kennedy] appears to be raising the issue of subject matter jurisdiction for the *second time* in his Motion to Dismiss. This seems to be highly unusual and unorthodox method for a party to utilize.

\* \* \*

24. The complaint clearly put [Kennedy] on notice that [the Town] was pursuing the matter either under I.C. § 36–7–9–1 *et seq.* and/or [the Town] Ordinance 93; that [the Town] was authorized to pursue its claim under either the statute or the ordinance; and that [the Town] did comply with all of the requirements of I.C. § 36–7–9–1 *et seq.*

25. Thus, the [c]ourt has subject matter jurisdiction over this matter.

26. Since the original OBE to remove and demolish was entered in August of 2008, [Kennedy] has done little or nothing to comply with the [c]ourt's order. In fact, instead of appealing the order or complying with the order, [Kennedy] has ignored the other and/or hired new attorneys to raise untimely issues and repetitive arguments to further delay compliance with the OBE.

27. Although the current Motion to Dismiss is dangerously close to being unreasonable, groundless, and frivolous because of the conspicuous similarities to the previously denied Motion [to] Correct Error [ ] and the current Motion to Dismiss, the [c]ourt prefers to resolve this issue in favor of the belief that attorneys would only put forth meritorious arguments on behalf of their clients. The [c]ourt will note for the sole purpose of guidance to [Kennedy's] current counsel that due diligence requires him to be aware of not only the subject matter and contents of his own filings with the [c]ourt but all issues raised by [Kennedy's] prior attorneys and the [c]ourt's orders thereon.

(Appellant's App. pp. 105, 106, 107).

Kennedy now appeals.[1] Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Subject Matter Jurisdiction*

First, the parties main contention on appeal centers around the question of whether the trial court, who had decided the issue on subject matter jurisdiction on October 7, 2008 but which decision was not appealed, can again review and decide the

---

1. On October 9, 2009, this Court ordered the Town's First, Second, and Third Motions to Strike held in abeyance to be addressed by the writing panel. A separate order issued on today's date orders the Town's First Motion to Strike granted and its Second and Third Motions to Strike denied.

same issue between the same parties in a later order. With regard to the parties' specific arguments, Kennedy asserts that the trial court erred when it denied his motion to dismiss for lack of subject matter jurisdiction. He maintains that the trial court's jurisdiction over the subject matter of the litigation may be contested at any time. On the other hand, primarily relying on *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038 (Ind.Ct.App.2007), the Town claims that subject matter jurisdiction once raised before the trial court, decided by the trial court, and not timely appealed is *res judicata* in any subsequent proceeding.

Our standard for reviewing a trial court's ruling on a motion to dismiss for lack of subject matter jurisdiction is dependent on whether the trial court resolved disputed facts, and if so, whether it conducted an evidentiary hearing or ruled on a paper record. *Johnson v. Patriotic Fireworks, Inc.*, 871 N.E.2d 989, 993 (Ind. Ct.App.2007). If the facts before the trial court are not disputed, the question of subject matter jurisdiction is purely one of law and our review is *de novo. Id.* Likewise, if the facts are disputed but the trial court rules on a paper record, the standard of review on a motion to dismiss for lack of subject matter jurisdiction is again *de novo. Id.*

Kennedy's disputed Motion to Dismiss was filed on March 16, 2009. The trial court did not conduct a hearing on this motion, but rather ruled from a paper record. As such, we will review the trial court's denial of the motion *de novo. See id.* Accordingly, we owe no deference to the trial court's factual findings and conclusions because we are "in as good a position as the trial court to determine whether the court has subject matter jurisdiction." *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001).

Turning to the arguments, we note that Kennedy first raised the issue that the Town had failed to exhaust the administrative remedies as contemplated in the Town's Ordinance 93 and the Unsafe Building Act, enacted in I.C. § 36–7–9 *et seq.*, in his motion to correct error, filed on September 17, 2008. The trial court subsequently denied Kennedy's motion. No appeal was taken. Nevertheless, Kennedy raised the same issue again in his March 16, 2009 motion to dismiss, filed in the same suit and between the same parties.

With regard to subject matter jurisdiction, we have stated that "[t]he existence of subject matter jurisdiction in a trial court is a requirement for the entry of a valid judgment." Clarifying the concept of subject matter jurisdiction, our supreme court stated in *K.S. v. State*, 849 N.E.2d 538, 540–542 (Ind.2006) that

> Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class of cases to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.
>
> Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

\*   \*   \*

Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension. The fact that a trial court may have erred along the course of adjudicating a dis-

pute does not mean that it lacked jurisdiction.

\* \* \*

Real jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus characterizing other sorts of procedural defects as "jurisdictional" misapprehends the concepts.

Here, there is no question that the Delaware Circuit Court possessed jurisdiction over the subject matter of this case. The Complaint establishes that Kennedy was put on notice that the Town was pursuing the cause under I.C. § 36–7–9–1 *et seq.*, the Unsafe Building Act, and under the Town's Ordinance 93. Section 17(a) of the statute clearly provides that a civil action regarding unsafe premises can be brought in the circuit, superior, or municipal court of the county. Accordingly, the Town's claim falls within the general authority or subject matter of the Delaware Circuit Court. *See Troxel v. Troxel,* 737 N.E.2d 745, 749 (Ind.2000) ("The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs").

Kennedy's argument that the Town had failed to exhaust the administrative remedies as contemplated in the Town's Ordinance 93 and the Unsafe Building Act, enacted in I.C. § 36–7–9 *et seq.* is thus more properly characterized as to whether the trial court had jurisdiction over this particular case. As we stated unequivocally in *Packard v. Shoopman,* 852 N.E.2d 927, 930 (Ind.2006), "[j]urisdiction over the particular case is something of a misnomer and refers to failure to meet procedural requirements[.]" Therefore, because Kennedy raised an untimely procedural error, he waived his claim for our review. *See K.S.,* 849 N.E.2d at 542.

## II. *Contempt Finding*

Next, Kennedy contends that the trial court abused its discretion by finding Kennedy in contempt for failing to comply with the trial court's order to demolish the property. Kennedy asserts that he did not own the property and did not willfully disobey the trial court's order.

In reviewing a contempt judgment we will not reweigh the evidence or judge the credibility of the witnesses. *Srivastava v. Indianapolis Hebrew Congregation, Inc.,* 779 N.E.2d 52, 60 (Ind.Ct.App. 2002). If the evidence and all reasonable inferences which may be drawn therefrom support the trial court's decision, that decision stands. *Id.* In order to be punished for contempt of a court's order, there must be an order commanding the accused to do or refrain from doing something. *Sutton v. Sutton,* 773 N.E.2d 289, 297 (Ind.Ct. App.2002). To hold a party in contempt for a violation of a court order, the trial court must find that the party acted with willful disobedience. *Id.*

We first observe that to the extent Kennedy challenges the trial court's conclusion that he is the owner of the property, such challenge is inappropriate in the context of a contempt proceeding. During the initial hearing of August 15, 2008, on the Town's Complaint, Kennedy testified that he was no longer the owner of the property as he had transferred ownership by quitclaim deed. After hearing his testimony and reviewing the contract, the trial court found that "it's certainly not a Contract. It is an Agreement to Agree." (Tr. p. 18). The trial court expressly stated that Kennedy "ha[d] the ownership of this property." (Tr. p. 18). During recess, the parties entered into an agreement that Kennedy agreed to remove and demolish the buildings. On September 17, 2008, Kennedy's new counsel filed a Verified

Motion to Correct Error claiming, in part, that Kennedy did not agree to remove the buildings. During the October 7, 2008 hearing on this motion, the trial court reiterated its previous conclusion that "the title remained in [Kennedy's] name." (Tr. p. 21). No appeal was taken.

Contempt proceedings are not actions designed to correct alleged errors previously made. *Martin v. Martin,* 771 N.E.2d 650, 653 (Ind.Ct.App.2002). Collateral attack of a previous order is allowed in a contempt proceeding only if the trial court lacked subject matter jurisdiction or personal jurisdiction to enter the order. *Id.* We already decided above that Kennedy merely presented us an untimely claim of procedural error, not a claim of lack of subject matter jurisdiction. As the issue of ownership was raised and decided in the trial court's initial hearing on August 18, 2008 and again raised in the motion to correct error, Kennedy cannot now collaterally attack the trial court's previous decisions by raising the issue again.

With regard to Kennedy's claim that he did not willfully disobey the trial court's order, we disagree. The evidence establishes that the trial court denied Kennedy's motion to correct error on October 7, 2008. On January 22, 2009, the Town filed its Contempt Citation. During the hearing on the Town's motion, Kennedy admitted that he did not contact utility companies until late January or early February—after the Town's contempt filing—to receive information on the removal of the property's utilities. Kennedy also testified that he and his counsel had discussed the need to get a trial court order to the utility companies to disconnect the utilities. He also admitted that he did not have his counsel pursue any other legal remedies from fall 2008 to March 2009, nor did he take any action to quiet title to the property. We agree with the trial court's finding that instead of appealing the Order or complying with it, Kennedy choose to ignore the Order and hire new attorneys to raise untimely and repetitive issues in an attempt to further delay the inevitable. Based on the evidence before us, we affirm the trial court's finding of contempt.

## CONCLUSION

Based on the foregoing, we conclude that (1) Kennedy's claim that the trial court lacked subject matter jurisdiction is untimely and (2) the trial court did not abuse its discretion by finding Kennedy in contempt of court.

Affirmed.

VAIDIK, J., and CRONE, J., concur.