Mario L. SIMS, Sr., Appellant–Respondent,

v.

Linda LOPEZ, Appellee–Petitioner.

No. 45A03–0704–CV–161.

Court of Appeals of Indiana.

April 23, 2008.

Mario L. Sims, Sr., South Bend, IN, Appellant Pro Se.

Philip R. Skodinski, South Bend, IN, Attorney for Appellee.

**OPINION**

MAY, Judge.

Mario Sims appeals the trial court's affirmation of a protective order requested

by Sims' ex-wife Linda Lopez and entered *ex parte*. We remand so the trial court may determine whether the protective order would prevent Sims from prosecuting any preexisting civil cases.

## FACTS AND PROCEDURAL HISTORY

On December 19, 2006, Linda Lopez petitioned in Lake County for a protective order against Sims on behalf of herself and her husband. On December 22, 2006, the court granted the order *ex parte*. On January 2, 2007, Sims filed a Motion to Set a Hearing, an Answer, Affirmative Defenses, a Counter Claim, a verified Motion for Sanctions, a verified Motion for the Court to order Lopez to undergo psychological evaluation, and a verified Motion to Dismiss. The court returned Sims' pleadings because they did not comply with applicable rules. On January 18, 2007, Sims filed new versions of those pleadings.

The court set a hearing for March 5, 2007. Lopez did not respond to Sims' pleadings, so on February 21, 2007, Sims filed a motion for default judgment, a memorandum of law in support thereof, and a request for admission.

At the March 5th hearing, the court heard testimony from the parties and argument from Sims. After taking the filings under consideration, the court denied Sims' motion to dismiss, motion for default judgment, motion to order Lopez to undergo psychological evaluation, and motion for sanctions. It also dismissed Sims' counterclaim and affirmed the grant of Lopez's protective order against Sims.

## DISCUSSION AND DECISION

Among Sims' arguments regarding the Lake Circuit Court's authority to hear Lopez's petition[1] is a claim that Lopez filed her protective order to interfere with Sims' ability to prosecute two civil cases he had pending against Lopez and her husband, one in LaPorte County and St. Joseph County. The documents Sims attached to his Memorandum Supporting his Motion to Dismiss demonstrate Lopez is a defendant in his St. Joseph County case, while Lopez's husband is a defendant in his LaPorte County case.

Lopez was authorized to file her petition in Lake County because that was her county of residence.

A petition for an order for protection must be filed in the county in which the:

(1) petitioner currently or temporarily resides;

---

1. Sims also claims the court could not address her petition because Lopez "failed to attach affidavits by one or more persons who have personal knowledge of the facts." (Appellant's Br. at 18). To support his argument he cites "Lake County Rules of Civil Procedure, specifically Rule 45." (*Id.*) The Lake County Rules of Civil Procedure contain only 15 rules. We accordingly do not know on which Rule Sims is relying, and his argument based on a local rule is waived for appeal. *See* Ind.App. R. 46(A)(8). Nevertheless, we note the following language above Lopez's signature on her petition:

> I affirm, under the penalties for perjury, that the foregoing representations are true:
> a. on the basis of my own personal knowledge.

> b. on the basis that I have been informed and believe that the facts stated are true. *(NOTE: If this Petition is made solely on the basis of Petitioner's information and belief, Petitioner must attach affidavits by one or more persons who have personal knowledge of the facts stated.)*

(App. at 44) (emphasis in original). Accordingly, Lopez was required to attach affidavits only if she did not have personal knowledge of the incidents alleged to support the order of protection. The incident Lopez listed was that Sims raped her in 1994. As she had personal knowledge of that incident, she did not need supporting affidavits. This allegation of error fails.

(2) respondent resides; or

(3) domestic or family violence occurred. Ind.Code § 34–26–5–4(b).

That a protective order was not granted in Sims' criminal proceeding or their divorce proceeding does not prevent Lopez from seeking one now. *See* Ind.Code § 34–26–5–6(1) ("An order for protection is in addition to, and not instead of, another available civil or criminal proceeding."). Neither was Lopez prohibited from seeking a protective order because Sims had filed a civil case against her. *See* Ind.Code § 34–26–5–6(2) ("A petitioner is not barred from seeking an order because of another pending proceeding.").

However, "[i]f a person who petitions for an ex parte order for protection also has a pending case involving: (A) the respondent ... the court that has been petitioned for relief shall immediately consider the ex parte petition and then transfer the matter to the court in which the other case is pending." Ind.Code § 34–26–5–6(4).[2] Sims' memorandum in support of his motion to dismiss indicated Sims had civil suits against Lopez and her husband in other counties, and Sims was concerned he could not prosecute those cases if the protective order were entered. Pursuant to I.C. § 34–26–5–6(4), the Lake Circuit Court should have transferred Lopez's petition for a protective order to St. Joseph Superior Court, so that court could fashion a protective order that would protect Sims' ability to prosecute his pre-existing civil cases against Lopez and her husband. Accordingly, we reverse the trial court's order affirming Lopez's protective order.

We remand for the court to decide whether Sims currently has lawsuits pending against Lopez or her husband. If he does, the trial court shall forward Lopez's petition to the appropriate court, which shall then consider on the merits whether to affirm or reverse the *ex parte* order of protection granted to Lopez on December 19, 2006. If no such lawsuits are pending, we request the Lake Circuit Court enter a new order either affirming or reversing the *ex parte* protection order granted to Lopez on December 19, 2006.[3]

Reversed and remanded.

RILEY, J., and KIRSCH, J., concur.

---

2. Therefore, parties requesting protective orders must notify the court of pending proceedings:

At a hearing to obtain an order for protection, each party has a continuing duty to inform the court of:

(1) each separate proceeding for an order for protection;

(2) any civil litigation;

(3) each proceeding in a family, domestic relations, or juvenile court; and

(4) each criminal case;

involving a party or a child of a party. The information provided under this section must include the case name, the case number, and the county and state in which the proceeding is held, if that information is known by the party.

Ind.Code § 34–26–5–5. Lopez did not notify the court, either in her petition or at the hearing, that Sims had civil cases pending against her and her husband. When Sims notified the trial court about those cases in other courts, Lopez did not provide any evidence to the contrary.

3. Regardless which trial court reviews this matter on remand, we note our disapproval of the *ex parte* order's vague requirement that Sims "stay away from [Lopez's or her husband's] place of employment." (App. at 47.) We do not see how Sims could be held responsible for approaching those places when the order does not explicitly indicate what or where they are.

___

In addition, when considering the merits of Lopez's petition for a protective order, Sims' motion to dismiss, and Sims' motion for default judgment, the trial court should take into consideration Lopez's failure to respond within thirty days to Sims' "Request for Admission," which resulted in those facts being "conclusively established by operation of law" pursuant to Trial Rule 36. *Kerkhof v. Kerkhof,* 703 N.E.2d 1108, 1111 (Ind.Ct.App.1998), *reh'g denied.* Lopez asserts on appeal that such motions are "irrelevant to this type of proceeding," (Appellee's Br. at 3), but because she provides no argument or authority to support that assertion, her argument is waived. *See* Ind.App. R. 46(A)(8).