**FOR PUBLICATION**

ATTORNEY FOR APPELLANTS:

**CHARLES P. RICE**
Boveri Murphy Rice, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE,
Fostcorp Heating and Cooling, Inc.:

**THOMAS L. KIRSCH**
Thomas L. Kirsch & Associates, P.C.
Munster, Indiana

ATTORNEYS FOR APPELLEE,
Wilson Iron Works, Inc.:

**PAULA E. NEFF**
**CHRISTINA J. MILLER**
Lucas, Holcomb & Medrea
Merrillville, Indiana

ATTORNEY FOR APPELLEE,
Johnson Carpet, Inc.,
d/b/a Johnson Commercial Interiors:

**TIMOTHY W. WITHERS**
Philip D. Burroughs & Associates, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

**FILED**
Dec 15 2014, 10:05 am

*CLERK*
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| GOODRICH QUALITY THEATERS, INC. and RONCELLI, INC. | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1308-PL-318 |
| | ) | |
| FOSTCORP HEATING AND COOLING, INC., WILSON IRON WORKS, INC., JOHNSON CARPET, INC., d/b/a JOHNSON COMMERCIAL INTERIORS, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

**December 15, 2014**

**OPINION ON REHEARING - FOR PUBLICATION**

**ROBB, Judge**

Goodrich Quality Theaters, Inc., leased property in Portage, Indiana, for the purpose of building an IMAX movie theater. Roncelli, Inc. was the general contractor on the project and engaged Fostcorp Heating and Cooling, Inc., Wilson Iron Works, Inc., and Johnson Carpet, Inc. d/b/a Johnson Commercial Interiors (collectively, "the appellees"), to perform work on the theater. Disputes arose during and following the construction, and the appellees each recorded a mechanic's lien and ultimately filed a lawsuit seeking to foreclose the mechanic's liens and asserting various other claims. The trial court granted judgment to each of the appellees on their claims and also awarded attorney fees to each of them against Roncelli. Roncelli appealed, arguing in part that the trial court erred in awarding attorney fees to the appellees. In a decision dated August 20, 2014, we affirmed the judgments in favor of each of the appellees, but reversed the awards of attorney fees. Goodrich Quality Theaters, Inc. v. Fostcorp Heating and Cooling, Inc., 16 N.E.3d 426, 441 (Ind. Ct. App. 2014). The appellees have each filed a petition for rehearing on the sole issue of the attorney fees.

As noted above, each of the appellees had recorded a mechanic's lien against the property. During the litigation, Roncelli posted a bond pursuant to Indiana Code section 32-28-3-11 providing that it would pay any judgment recovered in the action to foreclose the liens. The trial court approved the undertaking and the property was discharged from the lien. Goodrich and Roncelli were then able to close their transaction, Roncelli was paid under its contract with Goodrich, and the litigation proceeded. Roncelli noted in its initial brief that the sole basis for the appellees' claims for attorney fees was pursuant to Indiana Code section 32-28-3-14 and argued that because Goodrich had paid the contract consideration for the construction of the theater, section 32-28-3-14 did not entitle the appellees to recover attorney fees. None of the appellees disputed that section 32-28-3-14 was the only basis for their attorney fee claims. In fact, all of the appellees based their arguments for affirming the award of attorney fees on that statute, specifically arguing that subsection (a) makes the award of attorney fees mandatory when a mechanic's lien is foreclosed, and that subsection (b) is an exception that applies only to property owners and therefore does not apply to Roncelli. In reversing the trial court's award of attorney fees, we held that Indiana Code section 32-28-3-14 as a whole applies only to property owners and as Roncelli is not a property owner in this instance, the appellees' mechanic's liens and attorney fees claims based on those liens cannot be enforced against Roncelli. Id.

On rehearing, the appellees all contend that because Roncelli posted a bond to release the lien on the real estate that provided for payment of any judgment recovered "including costs and attorney's fees allowed by the court," Ind. Code § 32-28-3-11(b),

they are entitled to recover attorney fees against the bond. Notably, none of the appellees argue Goodrich, as an owner of the property, is liable for their attorney fees. And they all agree their original claim to fees was based solely on the mechanic's lien statute which, as we held previously, applies only to property owners. Although Roncelli's undertaking assures payment of any judgment plus costs and fees allowed by the court, it does not give the appellees greater rights or impose greater liability on Roncelli than the underlying obligation. Because Roncelli is not an owner of the property or the structure, it is not liable for attorney fees under the mechanic's lien statute and cannot be liable for them under the bond. We therefore re-affirm our previous decision that the trial court erred in awarding attorney fees to the appellees.

BRADFORD, J., concurs.

RILEY, J., would deny rehearing.