ATTORNEY FOR APPELLANT
Charles P. Rice
Murphy Rice, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE FOSTCORP HEATING AND
COOLING, INC.
Thomas L. Kirsch
Thomas L. Kirsch & Associates, P.C.
Munster, Indiana

ATTORNEYS FOR APPELLEE WILSON IRON WORKS,
INC.
Paula E. Neff
Christina J. Miller
Lucas, Holcomb & Medrea, LLP
Merrillville, Indiana

ATTORNEY FOR JOHNSON CARPET, INC., D/B/A
JOHNSON COMMERCIAL INTERIORS
Timothy W. Withers
Philip D. Burroughs & Associates, LLC
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Aug 26 2015, 12:29 pm
CLERK
of the supreme court,
court of appeals and
tax court

No. 64S03-1504-PL-227

GOODRICH QUALITY THEATERS, INC., AND
RONCELLI, INC.,

*Appellants (Defendants below),*

v.

FOSTCORP HEATING AND COOLING, INC.,
WILSON IRON WORKS, INC., AND JOHNSON
CARPET, INC., D/B/A JOHNSON COMMERCIAL
INTERIORS,

*Appellees (Plaintiffs below).*

Appeal from the Porter Superior Court, No. 64D02-0705-PL-4298
The Honorable William E. Alexa, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 64A03-1308-PL-318

**David, Justice.**

The question before us is whether, under Indiana's mechanic's lien statute, lienholders are entitled to collect attorney's fees incurred in foreclosing upon their liens from a party who posts a surety bond securing the liens. By the statute's plain language, under the circumstances our answer is yes.

### Facts and Procedural History

Goodrich Quality Theaters, Inc. (Goodrich) hired Roncelli, Inc. (Roncelli) to be the general contractor responsible for building an IMAX movie theater in Porter County, Indiana. Roncelli then hired several sub-contractors to provide the labor, services, and materials necessary to construct the theater. Three of these sub-contractors—Fostcorp Heating and Cooling, Inc. (Fostcorp); Wilson Iron Works, Inc. (Wilson); and Johnson Carpet, Inc., d/b/a Johnson Commercial Interiors (Johnson)—are parties in this case.

Problems plagued the project, and the theater was completed months behind schedule. After Fostcorp, Wilson, and Johnson failed to receive full payment for their services, all three timely filed mechanic's liens against the IMAX property pursuant to Indiana Code § 32-28-3-1. The three subcontractors then sued Roncelli and Goodrich to foreclose on their respective liens in the amount due on their Roncelli contracts. Each requested attorney's fees.

While the case was pending, Roncelli filed an undertaking and posted a surety bond pursuant to Indiana Code § 32-28-3-11. The bond provided that Roncelli, the bond's principal, and/or Hartford Fire Insurance Company, its surety, must pay in full any judgment recovered in an action to foreclose on a lien, "including costs and attorney's fees allowed by the court." (Appellant's App. at 655.) Approving the bond, the trial court ordered the mechanic's liens on the IMAX property released, with the bond to serve as security in lieu of the real property. Three

months later, Goodrich paid Roncelli in full, and Roncelli and Goodrich filed a motion to dismiss the claims for attorney's fees.[1] The trial court denied the motion.

After a fourteen-day bench trial spanning nearly a year, the trial court awarded Fostcorp separate $489,962.81 judgments against Roncelli and Goodrich (later amended to $539,139.11); Wilson a $373,888.22 judgment against Roncelli (later amended to $412,751.84); and Johnson a $55,420.20 judgment against Roncelli. The trial court also awarded attorney's fees to Fostcorp, Wilson, and Johnson. Specifically, it awarded Fostcorp $97,173.13 and Wilson $355,488.67 in attorney's fees against Roncelli. The record does not appear to include the amount awarded to Johnson.

Roncelli then appealed, raising numerous issues primarily relating to breach of contract but also to the award of attorney's fees. Regarding the latter, Roncelli claimed that § 32-28-3-14 could not provide a basis for the subcontractors' attorney's fees awards for the following three reasons. First, Goodrich paid Roncelli full consideration for the contract, which fulfilled the purpose of the mechanic's lien statute and left the subcontractors the sole recourse of seeking contractual remedies from Roncelli. Second, a dispute between a general contractor and subcontractors does not implicate § 32-28-3-14, which was enacted to "prevent the inequity of a property owner enjoying the benefits of the labor and materials furnished by others without recompense." (Appellant's Br. at 54–55 (quoting Premier Investments v. Suites of America, Inc., 644 N.E.2d 124, 130 (Ind. 1994).) And third, because there was no statutory authorization to award attorney's fees to the subcontractors, under § 32-28-3-11 Roncelli's filing of the bond does not obligate it to pay more than a judgment. For these reasons, Roncelli concluded that the trial court abused its discretion in awarding attorney's fees to the three subcontractors.

Though they submitted three separate briefs, the subcontractors collectively contended that § 32-28-3-14 allowed the trial court to award attorney's fees incurred in the foreclosure of their

---

[1] As on appeal, Roncelli and Goodrich were jointly represented by counsel.

mechanic's liens and due to them upon their recovery of a judgment against Roncelli. Each challenged Roncelli's interpretation of § 32-28-3-14 as inequitably enabling general contractors to avoid paying attorney's fees.

Determining that "[t]he crux of Roncelli's argument is the mechanic's lien statutes in Indiana Code chapter 32-28-3 only apply to the property owners," which Roncelli is not, the Court of Appeals agreed with Roncelli that the mechanic's liens and subsequent attorney's fees could not be enforced against it. Goodrich Quality Theaters, Inc. and Roncelli, Inc. v. Fostcorp Heating and Cooling, Inc., Wilson Iron Works, Inc., Johnson Carpet, Inc., d/b/a Johnson Commercial Interiors, 16 N.E.3d 426, 441 (Ind. Ct. App. 2014). Consequently, the Court of Appeals reversed the trial court's award of attorney's fees. Id. On all other issues, the court affirmed the trial court. Id.

Each subcontractor filed for rehearing and claimed, among other things, that under § 32-28-3-11 it was entitled to recover attorney's fees against the bond Roncelli posted. But the Court of Appeals found that "[a]lthough Roncelli's undertaking assures payment of any judgment plus costs and fees allowed by the court, it does not give the [subcontractors] greater rights or impose greater liability on Roncelli than the underlying obligation." Goodrich Quality Theaters, Inc. and Roncelli, Inc. v. Fostcorp Heating and Cooling, Inc., Wilson Iron Works, Inc., Johnson Carpet, Inc., d/b/a Johnson Commercial Interiors, 23 N.E.3d 28, 29 (Ind. Ct. App. 2014). Arriving back at its previous conclusion that § 32-28-3-14 did not permit the subcontractors to recover attorney's fees from non-property owner Roncelli, the court re-affirmed its prior holding that the trial court erred in awarding attorney's fees. Id.

The subcontractors subsequently petitioned this Court for transfer on the question of whether Indiana's mechanic's lien statute permits recovery of attorney's fees from Roncelli under the circumstances. We granted transfer, thereby vacating the Court of Appeals opinions. Goodrich Quality Theaters, Inc. and Roncelli, Inc. v. Fostcorp Heating and Cooling, Inc., Wilson Iron

4

Works, Inc., Johnson Carpet, Inc., d/b/a Johnson Commercial Interiors, 29 N.E.3d 124 (table) (Ind. 2015); See also Ind. Appellate Rule 58(A).[2]

## Standard of Review

We review the trial court's interpretation of Indiana's mechanic's lien statute de novo. See Young v. Hood's Gardens, 24 N.E.3d 421, 424 (Ind. 2015). We do so with the knowledge that "[o]ur primary goal in interpreting any statute is to effectuate legislative intent. An unambiguous statute needs no interpretation, and courts must give effect to the plain and ordinary meaning of the language." State v. I.T., 4 N.E.3d 1139, 1143 (Ind. 2014) (quotation and citations omitted). In addition to our statutory review, we will review the trial court's decision to award attorney's fees for an abuse of discretion. Purcell v. Old Nat. Bank, 972 N.E.2d 835, 843 (Ind. 2012).

### I.    Mechanic's Lien Statute Permits Recovery of Attorney's Fees

At issue is whether, under Indiana's mechanic's lien statute, the subcontractors are entitled to collect attorney's fees incurred in foreclosing on their liens from Roncelli, which posted a surety bond and filed an undertaking obligating it to pay attorney's fees upon recovery of a judgment against it. To resolve this issue of first impression, we turn first to the language of the statute, which each side contends supports its argument. All agree that the mechanic's lien statute should be strictly construed, as "statutes that provide for the award of attorney's fees are . . . in derogation of the common law." City of Jeffersonville v. Environmental Mgmt. Corp., 954 N.E.2d 1000, 1013 (Ind. Ct. App. 2011) (citing Town of Georgetown v. Edwards Cmty., Inc., 885 N.E.2d 722, 726 (Ind. Ct. App. 2008)).

Also uncontested is that Indiana Code § 32-28-3-1 enabled the subcontractors to file mechanic's liens.

---

[2] We summarily affirm the Court of Appeals on the other issues contested in this case. See Ind. Appellate Rule 58(A)(2).

(a) A contractor, subcontractor, a mechanic, a lessor leasing construction and other equipment and tools . . . a journeyman, a laborer, or any other person performing labor or furnishing materials or machinery, including the leasing of equipment or tools, for:
(1) the erection, alteration, repair, or removal of:
(A) a house, mill, manufactory, or other building; or
(B) a bridge, reservoir, system of waterworks, or other structure;

. . .

may have a lien as set forth in this section.

Ind. Code § 32-28-3-1(a). Importantly, under this section a party who performs labor or furnishes materials or machinery for the erection of a structure files the mechanic's lien "upon the . . . *building* . . . to the extent of the value of any labor done or the material furnished, or both." Ind. Code § 32-28-3-1(b) (emphasis added). This language is in harmony with our well-established precedent that a mechanic's lien is filed against and attaches to the *property* upon which the services were provided—not to another person or party. See Mann v. Schnarr, 228 Ind. 654, 671–72, 95 N.E.2d 138, 145 (1950).

After Roncelli failed to pay the contractual amount owed and the subcontractors utilized this mechanism, and after payment was still not forthcoming, the subcontractors sued to foreclose on their liens and requested attorney's fees incurred in the foreclosure pursuant to Indiana Code § 32-28-3-14, which directs that:

(a) Except as provided in subsection (b), in an action to enforce a lien under this chapter, a plaintiff or lienholder who recovers a judgment in any sum is entitled to recover reasonable attorney's fees. The court shall enter the attorney's fees as a part of the judgment.
(b) A plaintiff may not recover attorney's fees as part of the judgment against a property owner in an action in which the contract consideration for the labor, material, or machinery has been paid by the property owner or party for whom the improvement has been constructed.

Roncelli maintains that under subsection 14(b) the subcontractors were not entitled to collect attorney's fees because Goodrich paid the full contract consideration and thus fulfilled the purpose of the mechanic's lien statute. To Roncelli, the sole remedy available to the subcontractors was to seek contractual remedies.

6

The subcontractors counter that subsection 14(a) makes attorney's fees mandatory in foreclosure actions because it states that "the court *shall* enter the attorney's fees as part of the judgment." Ind. Code § 32-28-3-14(a) (emphasis added). Further, they contend that subsection 14(b) is inapplicable under the circumstances, because the exclusion is only applicable to the owner of property, which Roncelli is not. We agree with the subcontractors: under § 32-28-3-14, they are entitled to recover attorney's fees incurred in the pursuit of their liens from Roncelli.

But the question of whether the plain language of § 32-28-3-14 mandates the award of attorney's fees is not the precise issue to be resolved, for during the course of the proceedings Roncelli filed an undertaking and posted a surety bond pursuant to Indiana Code § 32-28-3-11, which provides that:

> (a) In an action to foreclose a lien:
>    (1) the defendant or owner of the property subject to the lien; or
>    (2) any person having an interest in the property subject to the lien, including a mortgagee or other lienholder;
>
> may file in the action a written undertaking with surety to be approved by the court.
>
> (b) An undertaking filed under this section must provide that the person filing it will pay any judgment that may be recovered in the action to foreclose the lien, *including costs and attorney's fees* allowed by the court, if the claim on which the judgment is founded is found by the court to have been a lien on the property at the time the action was filed.
>
> (c) If an undertaking is filed and approved by the court:
>    (1) the court shall enter an order releasing the property from the lien; and
>    (2) the property shall be discharged from the lien.

(Emphasis added.)

Roncelli's bond echoes this statutory language:

> NOW, THEREFORE, the condition of this obligation is such that if [Roncelli] . . . and the Surety, Hartford Fire Insurance Company, jointly and severally, shall well and truly pay in full any judgment

that may be recovered by [subcontractors] in its action to foreclose
its lien, *including costs and attorney's fees* allowed by the court . . .

(Appellant's App. at 655)(emphasis added).

The language of § 32-28-3-11 is unequivocal: a party who files an undertaking and posts a surety bond must pay fees and costs if the judgment is found to be a lien on the *property*. Thus, by the plain language of its bond, Roncelli obligated itself to do what § 32-28-2-11 already required: pay the subcontractors attorney's fees incurred upon foreclosing on their mechanic's liens.

As set forth in § 32-28-3-11 and in its bond,[3] Roncelli's obligation to pay the subcontractors for their work was not discharged upon the release of the real property from the liens. Rather, the subcontractor's liens subsequently attached to Roncelli's stated obligation in the undertaking to pay the full amount of the judgment plus attorney's fees and costs. In other words, the bond released and replaced the real property as the liens' security, and the subcontractors became entitled to foreclose on the bond.

Moreover, it would be an unfair and certainly unintended result if, as the subcontractors question, a general contractor could post a surety bond and avoid paying the attorney's fees that it would otherwise have to pay if a subcontractor foreclosed on a lien, thereby leaving the subcontractor in a worse position than if it had foreclosed—especially when the subcontractor cannot object to the posting of a surety bond. See John Wendt & Sons v. Edward C. Levy Co., 685 N.E.2d 183, 188 (Ind. Ct. App. 1997) (explaining that if surety adequately provides security in event of judgment, then lienholder cannot object to substitution of security for lien). The Court of Appeals recognized as much in Bailey v. Holliday, where it held that when a party files a written undertaking with surety, "the surety must cover any judgment, including the amount of the lien,

_____

[3] Roncelli's bond stated that it "desires to discharge said lien as to the real estate of the Portage 16 IMAX Property, pursuant to I.C. 32-28-3-11, by giving an undertaking with surety." (Appellant's App. at 655.)

8

costs, and attorney's fees . . . . Any other interpretation would result in the mechanic's lien holder receiving less protection if the owner elects to provide an undertaking with surety than if the mechanic's lien holder forecloses the lien." 806 N.E.2d 6, 11 (Ind. Ct. App. 2004). It is therefore only fair that the subcontractor lienholders be fully protected and allowed to recover attorney's fees under § 32-28-3-11 upon Roncelli's filing of the undertaking and posting of the surety bond.

But even if Roncelli had not posted a bond under § 32-28-3-11, the subcontractors still would have been entitled to recover attorney's fees from Roncelli under § 32-28-3-14, as we stated above. This is because subsection 14(a) expressly provides that a lienholder is entitled to fees upon the recovery of a *judgment*—not a judgment against a property owner, as Roncelli asserts. "[I]t is just as important to recognize what the statute does not say as it is to recognize what it does say." N.D.F. v. State, 775 N.E.2d 1085, 1088 (Ind. 2002) (citations omitted). Given subsection 14(b)'s express prohibition against recovering attorney's fees from a property owner who has paid the contract consideration, and the lack of any similar exclusion in subsection 14(a), it is clear that the General Assembly intended for subsection 14(b) to apply solely to property owners who have so paid and subsection 14(a) to apply generally in all other circumstances.[4]

Thus, the trial court did not abuse its discretion in awarding the subcontractors attorney's fees, albeit under a different section of Indiana's mechanic's lien statute. Returning to § 32-28-3-11, we hold that the subcontractor lienholders are entitled to collect attorney's fees from Roncelli. We therefore affirm the trial court's fee award.

## Conclusion

Finding no abuse of the trial court's discretion in awarding the subcontractors attorney's fees incurred in their foreclosure suits, we affirm the trial court's fee award.

---

[4] Additionally, though Roncelli asserts that attorney's fees can only be entered against the interests of the property owner, by its own reasoning the subcontractors would still be entitled to collect fees from it, as it holds an interest in the real property.

Rush, C.J., Dickson, Rucker, and Massa, J.J., concur.