

FILED

Aug 08 2018, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jessica D. Grimes
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Robert D. Haas
Blankenship & Haas
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jessica D. Grimes,

*Appellant-Petitioner,*

v.

Tia L. Houser,

*Appellee-Respondent.*

August 8, 2018

Court of Appeals Case No.
49A02-1711-MI-2695

Appeal from the Marion Superior
Court

The Honorable Timothy W. Oakes,
Judge

Trial Court Cause No.
49D02-1708-MI-33590

**Shepard, Senior Judge.**

[1] While the mother and father of a child were engaged in ongoing litigation about visitation in the court where they had been divorced, the father's new wife filed a separate petition regarding visitation in a different court.

[2] The second court dismissed the new wife's petition on grounds that the original dissolution court had exclusive and continuing jurisdiction. It awarded attorney's fees to the child's mother.

[3] The trial court was right on both counts. We affirm.

[4] Tia and Aaron Grimes had a child, S.G. They divorced in 2011, via a decree issued by Marion Superior Court 1 in Cause Number 49D01-0810-DR-49581. The court awarded Tia, now Tia Houser, sole legal and physical custody of S.G. but granted Aaron parenting time.

[5] Aaron married Jessica Grimes ("Mrs. Grimes"), who became S.G.'s stepmother. Houser and Aaron disagreed about parenting time over the years, and their disagreements were submitted to Marion Superior Court 1. On July 28, 2017, Aaron moved to dismiss the case due to alleged inactivity. Houser objected, asserting that the parties had continuing disputes and that Aaron had failed to respond to discovery requests. The court denied Aaron's motion on August 14, 2017.

[6] On August 31st, Mrs. Grimes filed a petition for visitation in Marion Superior Court 2, claiming Houser had blocked her from seeing S.G. since April 2016. Houser filed a motion to dismiss and a request for attorney's fees, asserting Marion Superior Court 1 had exclusive, continuing jurisdiction over parenting time issues. On October 26, 2017, Marion Superior Court 2 granted Houser's motion without a hearing, dismissing the case and ordering Grimes to pay Houser $875 in attorney's fees.

[7] Grimes argues the court should not have dismissed her petition. The standard of review for dismissal pursuant to Trial Rule 12(B)(1) is a function of what occurred in the trial court. *Bellows v. Bd. of Comm'rs of Cty. of Elkhart*, 926

N.E.2d 96 (Ind. Ct. App. 2010). If the facts are disputed but the court rules on a paper record, the standard of review for dismissal due to lack of jurisdiction is de novo. *Johnson v. Patriotic Fireworks, Inc.*, 871 N.E.2d 989 (Ind. Ct. App. 2007).

[8] Indiana Code section 31-21-5-2 (2007) grants exclusive, continuing jurisdiction over child custody issues to the court that issued the original child custody determination. That statute was in play in *State ex rel. Meade v. Marshall Super. Ct. II*, 644 N.E.2d 87 (Ind. 1994), when a stepmother filed a petition seeking to bar a mother's visitation even though the father and mother's custody dispute was pending in a different court. The Indiana Supreme Court noted the interests of children require "stability and continuity" in the legal process, and efforts to avoid the usual procedures through collateral attack are prohibited. *Id.* at 89. The Supreme Court ordered the trial court to dismiss stepmother's petition due to lack of jurisdiction. *See also Matter of Lemond*, 274 Ind. 505, 413 N.E.2d 228 (1980) (holding trial judges and attorneys in contempt for attempting to circumvent a Court of Appeals decision in a custody dispute by pursuing a CHINS petition involving the child at issue in the custody dispute).

[9] Mrs. Grimes says she was not a party to Aaron and Houser's ongoing litigation in Marion Superior Court 1, but that issue has no more bearing on jurisdiction than it did in the *Meade* case. Superior Court 1 issued the dissolution decree addressing custody and parenting time and had continuing jurisdiction over parenting time issues. Superior Court 2 properly dismissed Grimes' petition for visitation.

Next, Grimes argues Marion Superior Court 2 should not have awarded attorney's fees to Houser. We review the trial court's decision to award attorney's fees for an abuse of discretion. *Goodrich Quality Theaters, Inc. v. Fostcorp Heating and Cooling, Inc.*, 39 N.E.3d 660 (Ind. 2015).

Indiana Code section 34-52-1-1 (1998) authorizes a trial court to award attorney's fees as part of the cost to the prevailing party if the court finds that either party:

> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.

We have previously stated:

> A claim is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation. A claim is "groundless" if no facts exist which support the claim relied upon by the losing party.

*America's Directories, Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059, 1070-71 (Ind. Ct. App. 2005) (citations omitted), *trans. denied*.

Mrs. Grimes filed her petition for visitation in Superior Court 2 shortly after Superior Court 1 denied Aaron's request to dismiss. Based on precedent establishing that Superior Court 1 had jurisdiction over parenting time, no reasonable attorney would have considered Grimes' petition to be justified or worthy of litigation in Superior Court 2.

To the contrary, the petition appears to have been an attempt to circumvent Marion Superior Court 1 while imposing additional expenses on Houser. *See Clary-Ghosh v. Ghosh*, 26 N.E.3d 986 (Ind. Ct. App. 2015) (affirming award of attorney's fees to father; wife's contempt petition was frivolous and unnecessarily litigious), *trans. denied*. Marion Superior Court 2 properly awarded attorney's fees to Houser.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Brown, J., and Pyle, J., concur.