

IN THE

# Court of Appeals of Indiana

**M.M.,**

*Appellant-Respondent*

v.

**L.P.,**

*Appellee-Petitioner*



FILED

Aug 05 2024, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

August 5, 2024

Court of Appeals Case No.
23A-PO-2089

Appeal from the Clinton Circuit Court

The Honorable Bradley K. Mohler, Judge

Trial Court Cause No.
12C01-2305-PO-405

---

**Opinion by Judge Tavitas**
Judge Mathias concurs.

Judge Weissmann dissents with separate opinion.

**Tavitas, Judge.**

## Case Summary

M.M. ("Father") appeals the trial court's grant of a protection order against him to protect his ex-wife, L.P. ("Mother"). Mother filed the petition for a protection order in the Clinton Circuit Court, and Father orally requested a transfer to the special judge who was handling Father's and Mother's post-dissolution matters. The trial court denied Father's request and granted Mother's petition for a protection order. On appeal, Father argues that the trial court erred by denying his request for a transfer to the special judge. We conclude that transfer to the special judge was not required and, even if the trial court should have granted the transfer, any error in this case was harmless. Accordingly, we affirm.

## Issue

Father raises one issue, which we restate as whether the trial court erred by denying Father's request for transfer of the matter to the special judge.

## Facts

Father and Mother married in 2012 and had two children. Their marriage was dissolved in 2019 by the Clinton Circuit Court. In 2020, the parties agreed that Judge Benjamin Diener would serve as the special judge in the matter, the trial

court approved the agreement, and the special judge assumed jurisdiction over the post-dissolution matters. Over the next few years, the special judge resolved multiple disputes between the parties.

[4] In May 2023, Mother filed a pro se petition for a protection order against Father in the Clinton Circuit Court. At the time, there were no post-dissolution matters pending before the special judge. Mother alleged that she had been the victim of stalking and/or repeated acts of harassment by Father. Mother also requested that her current husband and her older child from a previous relationship be protected, but Mother did not mention her children with Father. Mother checked the following option on the form for the petition: "Specify the arrangements for parenting time with our minor child(ren)," and Mother handwrote, "Already at speedway would like to use parenting app and cut off texting and calling." Appellant's App. Vol. II p. 11.

[5] On May 30, 2023, the trial court granted an *ex parte* order of protection. The order enjoined Father from "threatening to commit or committing acts of domestic or family violence or stalking" against Mother and her older child. *Id.* at 28. The order also provided: "[Father] is prohibited from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with [Mother], except: does not prohibit reasonable and peaceful communications regarding the parties' children and parenting time." *Id.* The order also specifically provided: "This order is not intended to interfere with any parenting time/child visitation orders issued by any other court." *Id.* at 29.

[6]     Father, who was also pro se at the time, filed a written motion specifically requesting that the trial court set the matter for a hearing. Father did not file a motion for a change of judge or a motion to transfer the petition for a protection order to the special judge. The trial court then set the matter for hearing on August 9, 2023. At the hearing, however, Father orally requested dismissal for "lack of jurisdiction" and requested a transfer to the special judge. Tr. Vol. II p. 4. Father argued that the petition for a protection order was a "collateral attack" on the custody order "[s]ince it affect[ed his] custody." *Id.* at 5. Father orally cited *State ex rel. Meade v. Marshall Superior Ct. II*, 644 N.E.2d 87, 89 (Ind. 1994). The trial court denied Father's motion and heard evidence regarding Mother's petition for a protection order.

[7]     On August 9, 2023, the trial court granted Mother's petition for a protection order against Father. The order "enjoined [Father] from threatening to commit or committing acts of domestic or family violence, stalking, or harassment" against Mother and her older child. Appellant's App. Vol. II p. 33. The order also provided: "[Father] is prohibited from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with [Mother], except: does not prohibit reasonable and peaceful communications regarding the parties' children and parenting time, with all such communications to be via CloseApp parenting application."[1] *Id.* Father now appeals.

---

[1] The parties and trial court are likely referring to the co-parenting application called AppClose.

## Discussion and Decision

[8] Father argues that the trial court erred by granting Mother's petition for a protection order because the matter should have been heard by the special judge hearing the parties' post-dissolution matters. "We review a trial court's order on a motion to transfer venue for an abuse of discretion." *Muneer v. Muneer*, 951 N.E.2d 241, 243 (Ind. Ct. App. 2011). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court, or when the trial court has misinterpreted the law. *Id.* Where the issue presented is purely a matter of law, we review the trial court's order de novo. *Id.*

[9] In support of his argument, Father relies, in part, upon provisions of the Indiana Civil Protection Order Act, Indiana Code Chapter 34-26-5. Indiana Code Section 34-26-5-4(d) provides the following regarding venue:

> If a court has jurisdiction over an action that relates to the subject matter of the requested civil order for protection under section 2(b) or 2(c)(3) of this chapter, either because of an action pending in that court or in the exercise of the court's continuing jurisdiction, the petitioner must file the petition for an order for protection in that court.

Further, if the petition is filed in the incorrect court, it may be transferred as follows:

> If a person who petitions for an ex parte order for protection also has a pending case involving:

> (A) the respondent; or
>
> (B) a child of the petitioner and respondent;
>
> the court that has been petitioned for relief shall immediately consider the ex parte petition and then transfer that matter to the court in which the other case is pending.

Ind. Code § 34-26-5-6(4).

[10] Importantly, nothing was pending in the dissolution matter at the time Mother filed her petition for a protection order. Mother filed her petition in the Clinton Circuit Court—the same court where the dissolution proceedings were filed but heard by a special judge. These statutes, thus, did not require a transfer of Mother's petition for a protection order because the petition was filed in the correct court.[2] The real issue here is whether the trial court was required to transfer the matter to the special judge in the post-dissolution matter, in which no petitions were pending. Father argues on appeal that the special judge should have heard Mother's petition for a protection order after the *ex parte* order was issued.

---

[2] Even if the statutes were applicable here, we question whether transfer was required under these circumstances. We note that the State Court Administration Forms contain the following form Transfer Order:

---

**ORDER OF TRANSFER TO COURT
HAVING JURISDICTION OF THE PARTIES OR THEIR CHILDREN UNDER
INDIANA CODE § 34-26-5-6 (4)**

This Court has considered a petition for an Ex Parte Order for Protection as required by Indiana Code § 34-26-5-6 (3). However, this action should be transferred to another Court on the grounds that:

_____ The petitioner and respondent are the parents of an unemancipated child and a final decree of paternity has been issued. Indiana Code § 31-14-16-1.

_____ The petitioner and respondent are the parties to a dissolution of marriage or a legal separation action that is pending. Indiana Code § 31-15-4-1(b); Indiana Code § 31-15-5-1.

_____ The petitioner and respondent are the parties to a dissolution action in which a decree establishing child custody and parenting time was issued, and the requested relief will effectively modify the decree. **Meade v. Marshall Superior Court II**, 644 N.E.2d 87 (Ind. 1994).

_____ The petitioner has a pending case involving the respondent or a child of the petitioner and respondent. Indiana Code § 34-26-5-6(4).

_____ The petition involves a juvenile respondent, so the hearing, should be held in juvenile court. Indiana Code § 34-26-5-2(d).

_____ The petition seeks an order controlling the conduct of a person in relation to a child who is the subject of a juvenile proceeding, so the hearing, should be held in juvenile court. Indiana Code § 31-32-13-1(1).

_____ The petition alleges repeated acts of harassment and another court exercises jurisdiction over an action that relates to the subject matter of the requested civil order for protection. Indiana Code § 34-26-5-4(d).

_____ Other reason for transfer, e.g. under local rule: _____.

IT IS HEREBY ORDERED that this proceeding be transferred to _____ for hearing (if requested) in connection with case number _____.

Pursuant to Indiana Code 34-26-5-6, before transfer to the other court, this court has immediately considered the petition for ex parte order and

_____ has NOT issued an ex parte order for protection.

1

**OJA-PO-0122** Approved 07/06
Rev. by State Ct. Admin. 07/19

_____ has found that an emergency exists. The Court hereby issues a separate ex parte order for protection. **This transfer in no way affects the expiration date of the separate Ex Parte Order for Protection issued by this Court. Refer to the Ex Parte Order of Protection for its expiration date**

This State Court Administration Form Transfer Order indicates that the court "should transfer" and not "shall transfer" the case if certain grounds exist. None of the grounds for transfer listed on the form appear to be applicable here, as Mother's requested relief did not "effectively modify the decree" and no disputes regarding custody, parenting time, or child support were pending.

[11] The continuation of "jurisdiction" of a special judge is governed by Indiana Trial Rule 79(L), which provides:

> A special judge shall retain jurisdiction of the case, through judgment and post-judgment, including without limitation, proceedings to enforce the judgment or **to modify** or revoke **orders pertaining to custody, visitation, support**, maintenance and property dispositions and post-conviction relief unless:
>
> > (1) a specific statute or rule provides to the contrary; or
> >
> > (2) the special judge is unavailable by reason of death, sickness, absence, or unwillingness to serve.

(Emphasis added).

[12] We agree that the special judge has continuing "jurisdiction" in the post-dissolution matter. The post-dissolution matter and Mother's petition for a protection order, however, are not one and the same.[3] Petitions for protection orders are, by their nature, urgent and sometimes emergency matters. The urgency here was a breakdown in civil communications between the parties about their children. The substance of the request was a mere change to the manner of that communication. In her petition, Mother requested that the trial court order the use of a parenting application rather than Father texting or calling Mother. The petition for a protection order did not seek to modify in

---

[3] It appears the dissent conflates Trial Rule 79 with the statutory provisions of the Indiana Civil Protection Order Act.

any way Father's custody, parenting time, or support. In the final order, the trial court specifically noted that the protection order "does not prohibit reasonable and peaceful communications regarding the parties' children and parenting time, with all such communications to be via CloseApp parenting application." Appellant's App. Vol. II p. 33. Again, this order related only to the method of communication between Mother and Father and did not impact Father's parenting time. We, therefore, conclude that this matter did not relate to pending post-dissolution proceedings and transfer to the special judge was not required under Trial Rule 79(L).

But even if the trial court should have transferred the matter to the special judge, "[n]o error or defect in any ruling or order . . . is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." Ind. App. R. 66(A); *see also* Ind. Trial R. 61 ("[N]o error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for . . . reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). There was no impact on Father's substantial rights here. The protection order specifically does not prevent Mother and Father from communicating regarding their children and does not impact custody, parenting time, or support. Accordingly, we conclude that any error in the trial court's failure to transfer the matter to the

special judge was harmless. *See, e.g.*, *In re Adoption & Paternity of K.A.W.*, 99 N.E.3d 724, 727 (Ind. Ct. App. 2018) (holding that "any departure from statutory procedure . . . was harmless" where adoptive parents failed to submit an affidavit from the State Department of Health). We see no need for the parties to spend unnecessary time and expense for further proceedings in this matter when Father's rights regarding the post-dissolution matters have not been affected.

[13] The dissent contends that having a judge other than the special judge preside over this matter is a "jurisdictional" defect and, thus, not subject to a harmless error analysis. It is true that a court's lack of subject matter jurisdiction over a case is not subject to harmless error analysis. Here, however, although Trial Rule 79(L) uses the term "jurisdiction," the rule does not refer to the broader concept of subject matter jurisdiction, only the authority of a special judge to hear a given case. The trial court here had subject matter jurisdiction to hear a petition for a protection order. *See, e.g.*, *Packard v. Shoopman*, 852 N.E.2d 927, 930 (Ind. 2006) (holding that the term "jurisdiction" in a statute referred to the "now abolished 'jurisdiction over the particular case,'" not subject matter jurisdiction); *Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994) (holding that "it has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court").

## Conclusion

[14] The trial court did not err when it denied Father's request to transfer the matter to the special judge in the dissolution matter. Furthermore, even if the trial

court erred, any error was harmless as Father's custody, parenting time rights, and child support were not impacted. Accordingly, we affirm.

[15] Affirmed.

Mathias, J., concurs.
Weissmann, J., dissents with separate opinion.

**Weissmann, Judge, dissenting.**

The governing statutes and court rules, as well as public policy, dictate one conclusion here: this protective order dispute was decided in the right court by the wrong judge. The majority reaches a contrary result by misconstruing the protective order statutes and the special judge's continuing jurisdiction and by injecting a prejudice analysis into what is essentially a jurisdictional issue. The result is a novel conclusion that matches neither the facts nor the applicable law.

## I. Mother Correctly Filed Her Protective Order Petition in the Clinton Circuit Court

The protective order statutes reflect the Indiana General Assembly's recognition that the best judge to handle a protective order request involving two divorced parents is the judge who is already refereeing the parents' other conflicts in a dissolution case. Indiana Code § 34-26-5-4(d) (Filing Statute) provides:

> If a court has jurisdiction over an action that relates to the subject matter of the requested civil order for protection under [Indiana Code § 34-26-5-2(b) or (c)(3)], either because of an action pending in that court or in the exercise of the court's continuing jurisdiction, the petitioner must file the petition for an order for protection in that court.

If the protective order petition is erroneously filed in a court different from what the Filing Statute requires, Indiana Code § 34-26-5-6(4) (Transfer Statute) fixes the mistake. It provides:

> If a person who petitions for an ex parte order for protection also has a pending case involving the respondent or a child of the petitioner and respondent, the court that has been petitioned for relief shall immediately consider the ex parte petition and then transfer that matter to the court in which the other case is pending.

Ind. Code § 34-26-5-6(4) (cleaned up).

[19] Here, Mother's protective order petition satisfied the Filing Statute's two venue requirements. The petition sought relief via Indiana Code § 34-26-5-2(b) and (c), which collectively authorize a person to seek a protective order against a perpetrator who has subjected the person or their child to repeated acts of harassment. The petition was filed in the Clinton Circuit Court which, as the dissolution court, had continuing jurisdiction "over an action that relates to the subject matter of the requested civil order for protection." Ind. Code § 34-26-5-4(d); *Grimes v. Houser*, 108 N.E.3d 397, 397-98 (Ind. Ct. App. 2018) (ruling that a dissolution court has exclusive, continuing jurisdiction over all matters relating to child custody, parenting time, and child support of the children of the parents to whom the court granted a divorce).

[20] The dissolution case was "an action that relates" to Mother's protective order petition in three ways. Ind. Code § 34-26-5-4(d). First, Mother and Father were parties to both cases. Second, the acts of harassment alleged by Mother mostly involved Father's and her children. These acts include Father's alleged:

- threats to Mother's husband during Mother and Father's child's sporting event.

- unauthorized delivery of Mother and Father's daughter's softball bag to Mother's home.

- harassing texts to Mother about their children's expenses and her new husband's presence at the parenting time exchanges.

- comments to Mother at a restricted area of her school workplace about the location of one of their children who attended the school, as their other child stood nearby.

[21] Third, Mother's protective order petition requested rulings that would require supplementing or even revising parenting time orders issued in the dissolution case. For instance, Mother's petition asked the court overseeing the protective order proceedings to "[s]pecify the arrangements for parenting time with [Mother and Father's] minor children." App. Vol. II, p. 11. Mother also handwrote on the protective order petition that she "would like to use parenting app (sic) and cut off texting and calling" between Father and her. *Id.*

[22] The dissolution court was the proper court to grant Mother's requested relief. *See Grimes*, 108 N.E.3d at 398. As Mother's protective order petition sought a parenting time order and a change in parental communications about parenting time—matters over which the dissolution court would have exclusive, continuing jurisdiction—the dissolution "relate[d] to the subject matter" of the protective order petition. *Id.*; Ind. Code § 34-26-5-4(d).

[23] Because the Filing Statute's venue requirements were met, the Clinton Circuit Court was the proper court to hear and rule on Mother's protective order petition. The Transfer Statute, which is triggered only when a protective order petition is filed in the wrong court, is not implicated here. *See, e.g., Kakollu v.*

*Vadlamudi*, 175 N.E.3d 287, 290 (Ind. Ct. App. 2021) (noting that the protective order petition filed in the wrong court was transferred under the Transfer Statute to the dissolution court for the protective order hearing).

[24] Thus, the issue in this appeal is not *where* the final protective order hearing should have been heard but *who* should have heard it. The outcome rests on which of two judges had jurisdiction to conduct the hearing and rule on Mother's petition: (1) the regular Clinton Circuit Court judge, who no longer served in Mother and Father's dissolution case after Father moved for a change of judge three years earlier; or (2) the special judge appointed to and exercising continuing jurisdiction over the dissolution case after Father's motion was granted.

## II. The Special Judge Had Jurisdiction to Conduct the Protective Order Hearing—not the Regular Judge

[25] Father does not challenge the regular judge's entry of the *ex parte* order. He merely challenges the regular judge's decision to conduct the protective order hearing, rather than transfer the case to the special judge. Resolution of this claim rests on Indiana Trial Rule 79(L) (2018), which provides:

> **Continuation of Special Judge Jurisdiction.** A special judge shall retain jurisdiction of the case, through judgment and post-judgment, including without limitation, proceedings to enforce the judgment or to modify or revoke orders pertaining to custody, visitation, support, maintenance and property dispositions and post-conviction relief unless: (1) a specific statute or rule provides to the contrary; or (2) the special judge is unavailable by reason of death, sickness, absence, or unwillingness to serve.

[26] Neither of Trial Rule 79's exceptions to a special judge's continuing jurisdiction applies here. When Father sought transfer of the protective order proceedings, the special judge was not then "unavailable by reason of death, sickness, absence, or unwillingness to serve." T.R. 79(L). The special judge discontinued serving in the dissolution case only after the protective order was issued by the regular judge and after Father initiated this appeal. Thus, Trial Rule 79(L)'s unavailability exception to the special judge's continuing jurisdiction in the dissolution case did not apply at the time of Father's request to transfer the proceedings.

[27] The other exception in Trial Rule 79(L) to a special judge's continuing jurisdiction is as inapplicable as the first. Neither Father nor Mother points to any statute that barred the special judge from exercising continuing jurisdiction over the dissolution case. As neither exception in Trial Rule 79(L) applies, the special judge had continuing jurisdiction in the dissolution case under this rule. Because the Filing Statute required Mother to file her protective order petition in the dissolution court and only the special judge had continuing jurisdiction over the dissolution case, the special judge should have heard the protective order petition.

[28] The majority agrees that venue was in the dissolution court and that the special judge had continuing jurisdiction in the dissolution case. But the majority concludes that a different judge could conduct the protective order hearing because the protective order and dissolution cases were not "relate[d]." The "relate[d]" nature of the protective order and dissolution cases is exactly why

Mother was required by the Filing Statute to file her protective order in the dissolution court in the first place. *See* Ind. Code § 34-26-5-4(d). As the dissolution court was the proper forum for the protective order hearing and the special judge had continuing jurisdiction over the dissolution action at the time, the special judge should have conducted the protective order hearing.

## III. Policy Considerations Favor This Result

[29] Although the Filing Statute and Trial Rule 79 necessitated reversal here, this result adheres to the policies underlying the protective order statutes. One of the express legislative purposes of Indiana's Civil Protection Order Act, enacted in 2002, is the: "(1) protection and safety of all victims of harassment in a fair, prompt, and effective manner." Ind. Code § 34-26-5-1(2).

[30] The Filing Statute and the Transfer Statute further this purpose by ensuring that a dissolution court with continuing jurisdiction over two divorced parents will conduct the protective order hearing when dissolution and protective order issues overlap. After all, the dissolution court likely has already determined child custody and various parental disputes. Such experiences leave the dissolution court in a superior position to efficiently, fairly, and promptly resolve one parent's request for a protective order petition against the other parent. *See D.C. v. J.A.C.*, 977 N.E.2d 951, 956 (Ind. 2012) (reiterating "the importance of appellate deference in family law matters" due to the trial court's

face-to-experience with the litigants).[4] In other words, the legislature wisely determined that one court ruling on a set of family issues is better than two courts doing the same thing. This policy also aligns with our jurisdictional rules. *See generally Marriage of Huss,* 888 N.E.2d 1238, 1241 (Ind. 2008) (reaffirming the rule that two courts of concurrent jurisdiction cannot deal with the same subject at the same time).

[31]    Policy considerations are not the only harbinger of error in the majority's analysis. The result reached by the majority thwarts a parent's right to a change of judge in post-dissolution proceedings. A parent generally is entitled to only one automatic change of judge during the life of a post-decree dissolution case. *See* Ind. Trial Rule 76(B) ("After a final decree is entered in a dissolution of marriage case or paternity case, a party may take only one change of judge in connection with petitions to modify that decree, regardless of the number of times new petitions are filed.").

[32]    Father exercised this right to an automatic change of judge shortly after the dissolution decree was entered so the regular judge lost jurisdiction in the dissolution case. *See Bedree v. DeGrotte*, 799 N.E.2d 1167, 1172-73 (Ind. Ct. App.

---

[4] As our Supreme Court noted in *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011):

> Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to access credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children.

2003) (ruling that "[w]hen a party files a motion for change of judge under T.R. 76, the trial court is divested of jurisdiction except to grant the change of judge or act on emergency matters" before the special judge assumes jurisdiction). Under the majority's analysis, though, the regular judge could adjudicate the protective order case, meaning Father had to defend himself before the judge Father had successfully removed from a related action with overlapping issues. The majority's approach effectively negates Father's exercise of his right to a change of judge on post-dissolution matters.

## IV. Prejudice Is Not Relevant Here

[33] Assuming the special judge should have presided over the protective order hearing, the majority alternatively finds the error was minor enough to have not substantially prejudiced Father's rights. Thus, according to the majority, reversal would still be unwarranted.

[34] The entry of a judgment by a judge who lacked authority to do so is not a "minor" error. *See*, *e.g.*, *Sims v. Lopez*, 885 N.E.2d 15, 17 (Ind. Ct. App. 2008) (remanding for a redetermination of the merits of the protective order if the Transfer Statute required the transfer from the court that issued the protective order to another court presiding over a related case); *Asher v. Coolmer*, 994 N.E.2d 1283, 1287 (Ind. Ct. App. 2013) (reversing post-dissolution order due to wrong judge presiding over proceeding); *Smith v. Lake County*, 807 N.E.2d 53, 57-58 (Ind. Ct. App. 2004) (ruling that entry of summary judgment by temporary judge had no legal effect because only special judge had jurisdiction to rule).

As this Court noted in *Shaw v. State*, 178 Ind. App. 101, 107, 381 N.E.2d 883, 886 (1978):

> The trial judge plays an integral role in the orderly administration of justice. . . . The purpose and the objective of the rules for the selection of a special judge are to secure not only a person who is fair and impartial, but also one in whom the parties have confidence. Insofar as the rules of procedure permit, this confidence requires that no one should be required to try his case before a judge that he feels or believes is unfair or prejudiced.

Father signaled his lack of confidence in the regular judge by moving for a change of judge in the dissolution case and later requesting that the regular judge transfer the protective order case to the special judge. When the regular judge, rather than the special judge, conducted the protective order hearing and entered the protective order, Father's rights were substantially prejudiced.

The majority's decision will have ramifications inconsistent with legislative intent, judicial economy, and our routine deference to judges in family law proceedings. I would reverse the trial court's judgment and remand for a new hearing before the special judge—the only judge authorized to conduct the final protective order hearing.

ATTORNEY FOR APPELLANT
Thomas K. Reynolds
Lebanon, Indiana

ATTORNEY FOR APPELLEE

Les. A. Meade
Meade Law Office
Lafayette, Indiana